## CLINICAL PSYCHOLOGY INSTITUTE, INC. v SERINE

## Case No. 88-19270 DF (County Court Case No. 87-4478 SP P)

Seventeenth Judicial Circuit, Broward County

September 23, 1988

### OPINION OF THE COURT

RICHARD D. EADE, Circuit Judge.

This cause having come on to be heard on Appellee/Plaintiff JULEE SERINE's Motion to Dismiss the Appeal and Object to Extension of Time and the Court having heard argument of counsel for Appellant and Appellee, both being present, and being otherwise advised in the premises, the Court therefore makes the following findings:

1. On June 16, 1988, the Honorable Alfred J. Skaf, Judge of the County Court of Broward County entered a Final Judgment in favor of Plaintiff JULEE SERINE (hereinafter referred to as "Appellee") in the principal sum of $600.00 and prejudgment interest in the amount of $51.09. On July 13, 1988, Appellant/Defendant CLINICAL PSY-CHOLOGY INSTITUTE, INC. (hereinafter referred as "Appellant") filed a Notice of Appeal with this Court.

2. Pursuant to Rule 9.200 of the Florida Rules of Appellate Procedure, Appellant/Defendant had thirty days from the filing of the Notice of Appeal to prepare the transcript and record on appeal in the

above styled action. The time to prepare the transcript and file it with the Court in the above styled action expired on August 14, 1988.

3. On July 13, 1988, counsel for Appellant/Defendant filed a Designation to Reporter in which he represented the following:

"I, counsel for Appellant, certify that satisfactory financial arrangements have been made with the court reporter for preparation of the transcript."

4. On August 10, 1988, this Court entered an Order granting Appellant/Defendant an extension of time to file its initial brief in this action through and including August 29, 1988.

5. On or about August 16, 1988, the court reporter Robin Sandburg, with the consent of Appellant's counsel, filed a "Request for an extension of time to prepare transcript of record" in the District Court of Appeal for the State of Florida for the Fourth District. A copy of this request is attached hereto and incorporated herein by reference. The request states that the time within which to prepare the transcript of record on appeal in the above styled action expired on August 14, 1988 and that the court reporter was unable to have said record transcribed and prepared for filing by said date because "the deposit by Mr. Cooper was not received until August 16,1988." The extension Request further noted that it had been approved by Appellant's counsel and objected to by counsel for Appellee/Plaintiff. Although no order appears in this Court's file, it is acknowledged by Appellant that the request for an extension of time to prepare said record was "granted" by the District Court of Appeal of the Fourth District. Such action was a nullity since the appeal is pending in this Court.

6. On August 29, 1988, counsel for Appellant acquired an *ex parte* order from Judge Joseph E. Price of the Circuit Court of the 17th Judicial Circuit for an extension of time in which to prepare and file the transcript of record and to file Appellant's initial brief. At that time counsel for Appellant/Defendant was aware of the fact that Plaintiff/Appellee objected to the extension of time as indicated by the fact that Appellee/Plaintiff had served its Motion to Dismiss Appeal and Objection to Extension of Time to Prepare Transcript of Record on August 24, 1988, and had objected to the court reporter's Request to the Fourth District. Appellee was not given an opportunity to oppose this ex parte extension in contravention of the practice of this Court.

7. As of the date of the hearing, Appellant has failed to file either the transcript or its initial brief.

8. It is the general practice of this Court to decide appeals on the

merits and to impose sanctions only sparingly in serious or repetitive situations. However, this Court feels that the Appellate Rules of Procedure and those of this Court must be adhered to and where, as here, Appellant/Defendant has repetitively failed to comply with those procedures and has sought *ex parte* relief in lieu of compliance, that the sanctity of the rules can only be achieved through appropriate and serious sanctions.

Therefore, based upon all of the facts and circumstances of this case and conduct of the Appellant/Defendant in this case,

IT IS THE ORDER OF THIS COURT that the appeal of Appellant/Defendant CLINICAL PSYCHOLOGY INSTITUTE, INC., be dismissed with prejudice with all costs cast against Appellant/Defendant CLINICAL PSYCHOLOGY INSTITUTE, INC.

SO ORDERED, this 23rd day of September, 1988, in Chambers, Fort Lauderdale, Florida.